UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
  Abraham Rozman

                  Plaintiff,                               Index No: 1:19-cv-3945



                -against-                           Demand for Trial by Jury


  Equifax Information Services, LLC,
  Bank of America, N.A.,
  Capital One Bank (USA) N.A.,
  Discover Bank

                Defendant(s).
-----------------------------------------------------------------------x


## COMPLAINT

     Plaintiff Abraham Rozman ("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Bank of America,

N.A. ("BOA"), Defendant Capital One Bank (USA) N.A. ("Capital One"), and Defendant

Discover Bank ("Discover"), respectfully sets forth, complains, and alleges, upon information

and belief, the following:


## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

    U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4. Plaintiff is a resident of the State of New York, County of Kings, residing at 1526 45th St. Brooklyn, New York 11219.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Delaware corporation registered to do business in the State of New York, and may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Bank of America, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in New York c/o CT Corporation, at 28 Liberty Street, Floor 42, New York, NY, 10005.

10. Defendant Capital One Bank (USA) N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service at 1690 Capitol One Drive, McLean, VA, 22102.

11. Defendant Discover Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o CT Corporation, its registered agent for service of process at 28 Liberty Street, Floor 42, New York, NY, 10005.

## **FACTUAL ALLEGATIONS**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Bank of America Dispute and Violation

13. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to three of the Plaintiff's Bank of America credit cards.

14. The inaccurate information was the account status being listed as charge off, yet there was still a current past due balance for the total amount of the alleged debts. If the account is charged off it can not be still in a past due status, as this implies the account can be brought current, and appears to other creditors as a current liability.

15. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 30, 2018.

16. It is believed and therefore averred that Defendant Equifax notified Defendant Bank of America of the Plaintiff's disputes.

17. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Equifax failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the Bank of America accounts.

18. Furthermore, for two of the three accounts Bank of America and Equifax failed to mark that account as disputed despite receiving notice of the Plaintiff's disputes.

19. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Bank of America accounts, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

20. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

21. As of the date of the filing of the filing of this Complaint, Defendant Bank of America continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

22. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

23. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

Capital One Dispute and Violation

24. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to the Plaintiff's Capital One credit card.

25. The inaccurate information was the account status being listed as charge off, yet there was still a current past due balance for the total amount of the alleged debt. If the account is charged off it cannot be still in a past due status, as this implies the account can be brought current, and appears to other creditors as a current liability.

26. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 30, 2018.

27. It is believed and therefore averred that Defendant Equifax notified Defendant Capital One of the Plaintiff's dispute.

28. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Equifax failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the Capital One account.

29. Furthermore, Capital One and Equifax failed to mark that account as disputed despite receiving notice of the Plaintiff's dispute.

30. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Capital One account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

31. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

32. As of the date of the filing of the filing of this Complaint, Defendant Capital One continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

33. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

34. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Discover Dispute and Violation</u>

35. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to the Plaintiff's Discover credit card.

36. The inaccurate information was the account status being listed as charge off, yet there was still a current past due balance for the total amount of the alleged debt. If the account

is charged off it cannot be still in a past due status, as this implies the account can be brought current, and appears to other creditors as a current liability.

37. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 30, 2018.

38. It is believed and therefore averred that Defendant Equifax notified Defendant Discover of the Plaintiff's dispute.

39. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Equifax failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the Discover account.

40. Furthermore, Discover and Equifax failed to mark that account as disputed despite receiving notice of the Plaintiff's dispute.

41. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Discover account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

43. As of the date of the filing of the filing of this Complaint, Defendant Discover continues to furnish credit data which is inaccurate and materially misleading, and Defendant

Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

44. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

45. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

47. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

48. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

49. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

50. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

51. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

55. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

56. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

57. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>THIRD CAUSE OF ACTION</u>

**(Willful Violation of the FCRA as to Discover Bank.)**

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

62. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

63. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

64. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

65. The Defendant Discover Bank violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

66. Specifically, the Defendant Discover Bank continued to report these accounts on the Plaintiff's credit report after being notified of his dispute regarding the late payment and charge off status regarding the debt.

67. Additionally, the Defendant Discover Bank failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

68. As a result of the conduct, action and inaction of the Defendant Discover Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

69. The conduct, action and inaction of Defendant Discover Bank was willful, rendering Defendant Discover Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Discover Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, Discover Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FOURTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Discover Bank)**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

73. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

74. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

75. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

76. Defendant Discover Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

77. After receiving the Dispute Notice from Equifax, Defendant Discover Bank negligently failed to conduct its reinvestigation in good faith.

78. A reasonable investigation would require a furnisher such as Defendant Discover Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

79. Additionally, the Defendant Discover Bank failed to mark the account as disputed after receiving the dispute letter.

80. The conduct, action and inaction of Defendant Discover Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

81. As a result of the conduct, action and inaction of the Defendant Discover Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

82. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Discover Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, Discover Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FIFTH CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Bank of America)**

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

84. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

85. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

86. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

87. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

88. The Defendant BOA violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

89. Specifically, the Defendant BOA continued to report these accounts on the Plaintiff's credit report after being notified of his disputes regarding the charged off balances and past due balances as well as late payments.

90. Additionally, the Defendant BOA failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

91. As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

92. The conduct, action and inaction of Defendant BOA was willful, rendering Defendant BOA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Bank of America)

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

95. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

96. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

97. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

98. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

99. Defendant BOA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

100.     After receiving the Dispute Notices from Equifax, Defendant BOA negligently failed to conduct its reinvestigation in good faith.

101.     A reasonable investigation would require a furnisher such as Defendant BOA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

102.     Additionally, the Defendant BOA failed to mark the account as disputed after receiving the dispute letter.

103.     The conduct, action and inaction of Defendant BOA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

104.     As a result of the conduct, action and inaction of the Defendant BOA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

105.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, BOA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **SEVENTH CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Capital One Bank)**

106.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

107.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

108.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

109.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

110.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

111.     The Defendant Capital One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

112.     Specifically, the Defendant Capital One continued to report these accounts on the Plaintiff's credit report after being notified of his disputes regarding the charged off balance, past due status and late payments.

113.     Additionally, the Defendant Capital One failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

114.     As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

115.     The conduct, action and inaction of Defendant Capital One was willful, rendering Defendant Capital One liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

116.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, Discover Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Capital One Bank)

117.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

118.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

119.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

120.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

121.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

122.    Defendant Capital One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

123.    After receiving the Dispute Notice from Equifax, Defendant Capital One negligently failed to conduct its reinvestigation in good faith.

124.    A reasonable investigation would require a furnisher such as Defendant Capital One to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

125.    Additionally, the Defendant Capital One failed to mark the account as disputed after receiving the dispute letter.

126.     The conduct, action and inaction of Defendant Capital One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

127.     As a result of the conduct, action and inaction of the Defendant Capital One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

128.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Abraham Rozman, an individual, demands judgment in his favor against Defendant, Capital One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

129.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15
   U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and
   disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
        July 9, 2019


                                        /s/ David Force
                                        **Stein Saks, PLLC**
                                        By:  David Force
                                        dforce@steinsakslegal.com
                                        285 Passaic Street
                                        Hackensack, NJ 07601
                                        Phone: (201) 282-6500 ext. 107